Erskine HOPSON, Appellant,

v.

Earl McGINNES, Secretary, Department of Health and Social Services, and Paul W. Keve, Director, Division of Adult Corrections, State of Delaware, Appellees.

Superior Court of Delaware, Kent County.

Submitted Feb. 25, 1977.

Decided April 19, 1977.

Patrick Scanlon, Staff Atty., Community Legal Aid Society, Inc., Dover, for appellant.

John M. Willard, Asst. Atty. Gen., Dept. of Justice, Wilmington, for appellees.

O'HARA, Judge.

This is an appeal from an order of the State Personnel Commission ("Commission") upholding the dismissal of appellant Hopson from his position as a correctional officer at the Delaware Correctional Center. Only four of five commissioners participated in the hearing; two finding one set of facts and, therefore, voting to uphold dismissal, and two disagreeing with those findings and, therefore, voting to overturn the dismissal.

The significance of the two-two vote may be discerned from an examination of the statutory scheme. 29 Del.C. § 5949(a) provides:

"An employee in the classified service who has completed his probationary period of service may not, *except for cause*, be dismissed or demoted or suspended for more than 30 days in any one year. Within 30 days after any such dismissal, demotion or suspension, an employee may *appeal* to the Commission for review thereof. Upon such review, both the appealing employee and the appointing authority whose action is reviewed shall have the right to be heard publicly and to present evidentiary facts." . . . (Emphasis added).

In addition it is provided in § 5949(b) that:

"If the Commission upholds the decision of the appointing authority, the employee shall have a right of appeal to the Superior Court on the question of whether the appointing authority acted in accordance with law. The *burden of proof of any such appeal to the Commission* or Superior Court is on the employee." . . . (Emphasis added).

■ It would appear to be a permissible reading of the statute to say that the "burden of proof" language means that an appealing employee must persuade a majority of the Commission in order to overturn the decision to dismiss. Here, appellant persuaded only two commissioners. Thus, the role of the other two was sufficient, given the fact that only four commissioners participated, to prevent the overturning of the dismissal. Indeed, the attorney for the Commission announced that such would be the effect of the vote.

■ The matter comes to this Court, on appeal, pursuant to 29 Del.C. § 5949(b). Rule 72, of the Superior Court Civil Rules provides in subsection (g) that:

"Appeals [to Superior Court from all commissions] shall be heard and determined by the Superior Court from the record of proceedings below, except as may be otherwise expressly provided by statute."

*In Re Spielman*, Del.Super., 316 A.2d 226 (1974) held that § 5949(b) does not operate to provide for a de novo appeal. The function of the Court was said in that case to be "to review whether the agency has exceeded its constitutional or statutory authority, has properly interpreted the applicable law, has conducted a fair proceeding, and has reached *a decision that is based on sufficient substantial evidence* or is not arbitrary." (Emphasis added). Therefore, the Court's task here is to review the record and determine whether there is substantial evidence to support the findings of fact of the two commissioners voting to uphold dismissal and whether such facts constitute "cause" for such dismissal. If there is substantial evidence to support their findings then clearly appellant has not sustained his burden. On the other hand, if there is not sufficient evidence to support their findings, then the Court would be called upon to determine the significance of this as it relates to appellant's burden.

The two commissioners voting to uphold dismissal made the following findings of fact:

"It is the finding of Chairman Nechay and Commissioner Calhoun that Mr. Hopson clearly did appear at the house of Clarence Hurd, another prison guard on June 14, 1974 in the evening hours. It is further clearly established by the evidence that at that time Mr. Hopson was drunk and was accompanied by two former inmates of the Delaware Correctional Center. It is further established by

the evidence by the testimony of Mr. Hurd that Officer Hopson in the presence of these two inmates and in the presence of Officer Hurd's wife, did urinate on the driveway of Mr. Hurd's house. It is further established by the evidence that Officer Hopson did engage in an altercation with Mr. Hurd when he asked Hopson to leave his property."

■ The Court has examined the record of the hearing before the Commission and finds that from Mr. Hurd's testimony alone the Commission could have found the above facts to be true. Furthermore, such facts would amount to sufficient support for a conclusion that Merit Rule 15.0706 (engagement in notoriously disgraceful personal conduct) and Merit Rule 15.0715 (conduct reflecting unfavorably on the State as an employer) were violated. In such a factual setting disciplinary action would be appropriate. The merit rules provide for various measures: reprimand, suspension without pay, fines, demotion, and dismissal. However, 29 Del.C. § 5949 requires that there be "cause" where an employee who has completed his probationary period of service (such as appellant) is dismissed or where he is demoted or suspended for more than 30 days. The Court interprets this as necessitating a finding by the Commission of "cause" for such action beyond the simple violation of a merit rule.

In the case presented, there must be some link between the violation of the rules and the disciplinary measure of dismissal. The two commissioners voting to uphold the dismissal supplied that link in their finding of fact. Specifically, they found:

"[P]rison officers must maintain a standard of propriety higher than that of an ordinary person in the community. The discipline at a prison facility must be maintained. It is clear that such discipline could not be maintained if in fact it became generally known in the prison community that one correctional officer *would engage* in conduct such as Mr. Hopson did in the presence of former inmates on the driveway of another correctional officer's home."

Indeed, there is support in the record for this finding from the testimony before the Commission of Paul Keve, Director of the Division of Adult Corrections. It must be noted, however, in accepting this finding as supplying the required "cause", the Court is not automatically equating a violation of the Merit Rules with "cause". Appellant's position as a correctional officer is highly significant. Had he held some other position (even though still employed at the Correctional Center), the argument dealing with character and prison discipline might not have furnished the necessary link.

Here, however, the Court finds there was "cause" for dismissal. The decision of the two commissioners voting for dismissal was, therefore, based upon substantial evidence.

■ Appellant has also raised an argument that the Commission's decision should be reversed because of lack of official notice to him of his dismissal within 30 days of his suspension. While such notice is, apparently, required by Merit Rule 15.0330 and should be given, the Court finds that failure to conform precisely with this rule is not an error severe enough to cause reversal of the Commission's decision. In addition, appellant's argument of lack of due process with regard to the hearing before the Commission is rejected. Adequate due process was afforded in terms of hearing, representation, notice and opportunity to present evidence.

The split decision of the Commission effectively upholds the dismissal which is herewith affirmed and the appeal dismissed.

IT IS SO ORDERED.