**In the Matter of Morton SPIELMAN.**

Superior Court of Delaware,
New Castle.

Feb. 14, 1974.

David K. Brewster, Deputy Atty. Gen., Wilmington, for appointing authority, appellant.

Clifford B. Hearn, Jr., Wilmington, for Morton Spielman, appellee.

BALICK, Judge.

This is an appeal by the appointing authority from a decision of the State Personnel Commission. In response to the citation for record, the Commission supplied certified copies of the minutes of the meeting at which the grievance was considered, of Merit System Rule 3.1030, of the Commission's decision, and regular copies of Executive Orders No. 6 and 15. In its response the Secretary to the Commission said,

> The Commission does not provide an official transcript of proceedings held, since appeal by either party to the Superior Court is considered a de novo proceeding.

For guidance of the Commission, I note that Superior Court Civil Rule 72(g) Del.C.Ann. provides, "Appeals shall be heard and determined by the Superior Court from the record of proceedings below, except as may be otherwise expressly provided by statute." Although the governing statute, 29 Del.C. § 5949(b), is ambiguous, it does not expressly provide for a *de novo* appeal. The ambiguity arises from the use of the phrase, "the burden of proof of any such appeal," which suggests introduction of evidence before Superior Court. In view of the fact that most appeals from decisions of administrative agencies are on the record, I cannot consider the use of this phrase express provision for a *de novo* appeal. These appeals are generally on the record and not *de novo* because the function of judicial review is not to interfere with the delegated discretion of the administrative agency but rather to review whether the agency has exceeded its constitutional or statutory authority, has properly interpreted the applicable law, has conducted a fair proceeding, and has reached a decision that is based on sufficient substantial evidence or is not arbitrary. Compare Green v. Wilmington Savings Fund Society, 310 A.2d 638 (Del. Supr.1973). In the present case the record, which has been supplemented by a stipulation between the parties, is sufficient for this court to decide the appeal.

Morton Spielman was employed as a Management Analyst II at pay grade 23. By a letter dated March 5, 1973 he was informed that as of March 15, 1973 the duties of that position would be assigned to another position at pay grade 14. Mr. Spielman's request for application of Rule 3.-1030 was granted. He was later informed that the sixty-day deferment under Rule 3.-1030 expired May 15, 1973 and that since no transfers were available his services would be terminated on that date. He then filed a grievance with the Commission challenging the appointing authority's interpretation of Rule 3.1030.

**228**

The grievance was considered at a meeting of the Commission on June 27, 1973. The minutes say as follows:

> The Office of Personnel will use all efforts to place Mr. Spielman in a position for which he is qualified, during the next 15 days. The primary consideration being the series of circumstances that included Executive Order # 6 (Freeze) and the State fiscal situation. This prevented mobility of Mr. Spielman.

The Commission's decision, dated July 27, 1973, says,

> Since the incumbent, Mr. Spielman, was prohibited from enjoying transfer mobility to recognized existing vacancies by Executive Orders Number Six and Fifteen, thereby denied the 60 day transfer benefit contained in the merit rule, he should be continued in the position without loss of pay . . . .

The appointing authority argues that the Commission erred in considering Executive Orders 6 and 15 and misinterpreted Merit System Rule 3.1030. These reasons are advanced in support of the first argument: Mr. Spielman did not raise the effect of the executive orders in his grievance; they were not properly admitted into evidence; and they do not prevent transfers.

The merit system rules provide a plan, as required by statute, 29 Del.C. § 5931, for resolving employee grievances. Merit System Rule 21.0700 says, "The written request for a hearing may be either formal or informal." Mr. Spielman's request, which states the disagreement over the meaning of Rule 3.1030, was surely adequate. To hold otherwise would defeat the purpose of the procedure.

No reason is offered why the Commission, which performs executive as well as legislative and judicial functions, should not be able to take notice of executive orders without proof. An administrative agency may properly take notice of many things so long as the parties are given an opportunity of proving the contrary. The minutes of the Commission's meeting show that the appointing authority and a deputy attorney general were present. The existence of the executive orders is not denied.

There is no basis in the record for the appointing authority's argument, which it improperly seeks to support by an affidavit filed with this court, about the effect of the executive orders. This argument is immaterial anyway because the parties have stipulated that there were no vacancies, whatever the cause, to which Mr. Spielman could have been transferred.

I now turn to the real issue in the case, which is the meaning of Merit System Rule 3.1030. The rule reads as follows:

> When a position in the classified service is reallocated to a class with a lower grade, the incumbent shall be entitled to transfer to a vacant position in the classified service in his class or in a similar class at the same level and to serve therein without change in status. In the event that such transfer cannot be effected within sixty (60) days, the incumbent shall be continued in the position and shall continue to receive his present rate of pay, but shall not receive any increase unless or until the pay grade of his position or pay grade is so changed as to provide a higher rate in the schedule for which he may qualify.

The appointing authority argues that the rule should be interpreted to mean that after a position is reallocated the incumbent shall be continued for sixty days during which he shall be entitled to transfer; but that if another position is not available, he may be terminated at the end of the sixty-day period. It argues that the interpretation given by the Commission, by which the incumbent is continued in his original position indefinitely if a transfer is not available, renders the sixty-day period meaningless.

This rule was adopted by the Commission acting within its delegated authori-

ty. Its interpretation of the rule should therefore be reversed only if clearly wrong. The interpretation urged by the appointing authority does violence to the language and punctuation of the rule. As to the reason for the sixty-day time period, it seems to give the employee a right to transfer for sixty days whereas transfers are normally within the control of the appointing authorities involved and the personnel director. See Merit System Rule 13.0200. On the other hand, under the interpretation urged by the appointing authority, employees could be forced out of the classified service after a sixty-day grace period by simply reallocating their position downward. This would of course defeat the general purpose, as indicated in 29 Del.C. § 5902, of the classified service.

The appointing authority has failed to meet its burden of proving that it acted in accordance with law, as required by 29 Del.C. § 5949(b), and the decision of the Commission is therefore affirmed.