Erskine HOPSON, Appellant,

v.

Earl McGINNES, Secretary, Department of Health and Social Services, and Paul W. Keve, Director, Division of Adult Corrections, State of Delaware, Appellees.

Supreme Court of Delaware.

Submitted April 14, 1978.

Decided May 16, 1978.

Revised July 10, 1978.

Patrick Scanlon, of Scanlon & Leszcz, Dover, for appellant.

Paul S. Swierzbinski, Deputy Atty. Gen., Dover, for appellees.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

Erskine Hopson was discharged from his job as a Correctional Officer in the Division of Adult Corrections. He was a State Merit System employee. 29 *Del.C.* § 5901, etc. He thereafter filed an appeal with the State Personnel Commission.[1] After hear-

---

1. 29 *Del.C.* § 5949 provides:

   "(a) An employee in the classified service who has completed his probationary period of service may not, except for cause, be dismissed or demoted or suspended for more than 30 days in any one year. Within 30 days after any such dismissal, demotion or suspension, an employee may appeal to the Commission for review thereof. Upon such review, both the appealing employee and the appointing authority whose action is reviewed shall have the right to be heard publicly and to present evidentiary facts. At the hearing, technical rules of evidence shall not apply.

ing, the Commission was evenly divided by a 2–to–2 vote.[2] Two of the members concluded that Hopson's conduct was "notoriously disgraceful personal conduct in violation of Merit Rule 15.0706" and that the action of the Division should be affirmed. Two other members concluded that the Division had not proved "beyond a reasonable doubt" that Hopson engaged in the conduct alleged and therefore the discharge should be rescinded.

On appeal, the Superior Court determined that the split decision of the Commission "upheld" the discharge and, therefore, dismissed the appeal. See Del.Super., 373 A.2d 224 (1977).

The facts are fully set forth in the Superior Court opinion to which reference is made.

## I

It is beyond doubt that, under the Merit System, the employing or appointing agency has the right to discharge an employee. Indeed, 29 *Del.C.* § 5930 specifically provides that the "rules shall provide for discharge or reduction in rank or grade for cause" after an employee's probationary period has been completed. When an employee is discharged, the statutory plan includes a two-tier appeal process. *Peterson v. Hall*, Del.Supr., 382 A.2d 1355 (1978). As we have already indicated, § 5949 gives a discharged employee the right, within thirty days after dismissal, to file an appeal with the Personnel Commission. If the Commission upholds the discharge, the next step in the appeal process is an appeal to the Superior Court. *Peterson v. Hall*, supra; § 5949(b). And the "burden of proof of any such appeal to the Commission or Superior Court is on the employee." § 5949(b).[3]

The only reasonable inference to be drawn from these statutory provisions is that a discharge by the appointing authority is *prima facie* correct. We so hold. And that explains why the statutory plan places the burden upon an employee in an appeal to the Commission. In other words, on such appeal, an employee must present evidence sufficient to rebut the presumption that the discharge was correct and to convince the Commission that it was not for cause. Since the burden is on the employee, it is up to him to persuade the Commission to rule in his favor. Any failure to do so means that the discharge remains effective to that point.

If the employee does not persuade the Commission to rule in his favor (whether the Commission is evenly divided or against the employee by unanimous or majority vote, it matters not), under § 5949 he still has the right of appeal to the Superior

(b) If the Commission upholds the decision of the appointing authority, the employee shall have a right of appeal to the Superior Court on the question of whether the appointing authority acted in accordance with law. The burden of proof of any such appeal to the Commission or Superior Court is on the employee. If the Commission finds against the appointing authority, the appointing authority shall have a right of appeal to the Superior Court on the question of whether the appointing authority acted in accordance with law. The burden of proof of any such appeal to the Superior Court is on the appointing authority. All appeals to the Superior Court shall be by the filing of a notice of appeal with the Court within 30 days of the employee being notified of the final action of the Commission.

. . . . .

(d) If the Commission finds that the action complained of was taken by the appointing authority for any political, religious or racial

reason, or is not supported by the facts as having been for cause, the employee shall be reinstated to his former position or a position of like status and pay without loss of pay for the period of suspension."

2. The Commission consists of five members, 29 *Del.C.* § 5906, three of whom constitute a quorum. 29 *Del.C.* § 5908. The record is silent as to why only four members participated in the Hopson hearing. In the future, the record shall state the reason why any member does not participate in an appeal under § 5949.

3. These statutory provisions are consistent with Delaware's recently enacted Administrative Procedures Act, 29 *Del.C.* § 6401 et seq., which is applicable to the proceedings of the State Personnel Commission, § 6461(13). For example, § 6425(c) places the burden of proof upon the proponent in the matter being heard by the agency; and a two-step appeal process is recognized, § 6442(a).

Court. On such appeal, the Court's judicial review function is to determine whether the Commission acted within its statutory authority, whether it properly interpreted and applied the applicable law, whether it conducted a fair hearing and whether its decision is based on sufficient substantial evidence and is not arbitrary. See *In re Spielman*, Del.Super., 316 A.2d 226, 227 (1974). If the Commission was evenly divided and thus did not make a decision, there is not a ruling which the Court may judicially review. In such case, the Court may remand for further consideration by the Commission or it may make its own findings based upon the record made before the Commission.

## II

Turning now to this case, the burden was upon Hopson to persuade the Commission that he was not properly discharged for cause. Persuading the Commission means that he was required to secure the affirmative vote of a majority of the Commissioners participating. The Commission vote was a 2–to–2 tie and thus Hopson failed to carry his burden.

Hopson has argued that the Commission's failure to reach a majority vote in this case operates to his benefit. We disagree. The Statute speaks in terms of the Commission "upholding" or "finding against" the appointing authority. § 5949(b). Implicitly, that contemplates that the Commission shall make a decision *qua* Commission, that is, a corporate judgment or ruling as distinguished from the views of its individual members. Cf. *Lambros v. Young*, 79 U.S.App.D.C. 247, 145 F.2d 341 (1944). A 2–to–2 vote does not establish a Commission ruling nor take the matter to a conclusion by that body. In short, the *Commission* itself decided nothing under § 5949.

Since the Personnel Commission did not make a legally significant ruling on the appeal, Hopson's discharge remained valid in law to that point.

On appeal, the Superior Court reviewed the record to determine whether there was substantial evidence to support the [so-called] findings of fact by the two Commissioners who voted to uphold the dismissal. Their finding, however, was without legal significance because, as we have already held, the statutory plan contemplates decision-making by a majority of the Commission. In other words, the vote of less than a majority is not a Commission decision and, therefore, is not a proper subject to be tested by judicial review.

While much of the Superior Court's opinion can be read as applying review criteria which we have announced herein, compare *In re Spielman*, supra, the discussion is largely in terms of findings by the Commissioners who voted to uphold the dismissal, or what the Commission "could" have found. In fairness, we remand for review by the Court under the standards announced herein.

Reversed and remanded.