Anthony V. AVALLONE, Grievant Below–Appellant,

v.

STATE of Delaware/DEPARTMENT OF HEALTH AND SOCIAL SERVICES ("DHSS"), a State Agency and the Merit Employee Relations Board, Appellees.

No. 234,2010.

Supreme Court of Delaware.

Submitted: Dec. 14, 2010.
Decided: Jan. 27, 2011.

Roy S. Shiels, Esquire, Brown, Shiels, & O'Brien, LLC, Dover, Delaware, for appellant.

Kevin R. Slattery, Esquire, Department of Justice, Wilmington, Delaware, for appellees.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

RIDGELY, Justice.

The purpose of title 29, chapter 59 of the Delaware Code is to "establish for this State a system of personnel administration based on merit principles and scientific methods governing the employees of the State...."[1] This case involves the interpretation of chapter 59 in the context of the dismissal of a State employee. The

---

1. 29 *Del. C.* § 5902.

Delaware Department of Health and Human Services ("DHSS") terminated the employment of Anthony V. Avallone after fifteen years of state service. Avallone appealed the termination, and the Delaware Merit Employee Relations Board (the "MERB") reinstated Avallone, but without backpay. DHSS appealed that decision to the Superior Court, which reversed, after concluding that the MERB did not have authority to reinstate Avallone to his position and without backpay. Avallone has raised two arguments on appeal. First, Avallone contends that the Superior Court erred in concluding that title 29, chapter 59 of the Delaware Code does not authorize the MERB to modify the discipline that DHSS imposed. Second, Avallone contends that the Superior Court erred in concluding that the MERB had improperly shifted a burden of proof to DHSS. We find merit to Avallone's appeal. Accordingly, we reverse.

### Facts and Procedural History

Avallone began working for the State of Delaware in the early 1990s, in the Department of Services for Children, Youth and Their Families ("DSCYF") in the Division of Youth Rehabilitative Services ("YRS"). In that capacity, he made an orientation video for the New Castle County Detention Center. Later, in 2004, YRS asked Avallone to make two more videos: an updated orientation video for the New Castle County Detention Center and a new video for the William Marion Stevenson House Detention Center in Milford, Dela-

ware. Avallone and YRS agreed that he would produce the videos "at cost." Avallone initially decided to rent equipment to produce the videos, but after some production delays, Avallone concluded that he could cut his costs if he purchased the equipment. He received quotes from B & H Photo–Video–Pro Audio ("B & H"), a vendor from New York. Avallone also faxed a business credit application to B & H.[2]

One day after faxing the business credit application, Avallone sent a facsimile to B & H from his home on his State-issued laptop computer. The header read, "State of Delaware," and the first line of the facsimile read, "Please review the following State of Delaware Purchase Order." Avallone attached an order form, which included the DHSS logo and a Division of Substance Abuse and Mental Health ("DSAMH") address.[3] The order listed a camcorder and accessories that totaled $2,359.29.

When Avallone received the equipment, he realized that B & H believed that the State of Delaware had purchased it. Avallone called B & H to correct that misunderstanding, but B & H informed Avallone that it could not change the name on the order until it received full payment.[4] Over the next eighteen months, B & H repeatedly attempted to collect payment on the order, but Avallone stalled. Thereafter, DSAMH received a B & H invoice for $2,187.20. Because the state accounting system included no record of such an or-

---

**2.** The comments section of the credit application stated: "Please accept this application for credit to purchase specific items on Quote # 141889610. As per our telephone conversation, I am contracted through State of Delaware and needing the equipment to complete the project. Please refer to the purchase order number on the trade reference as their guarantee of payment to me."

**3.** According to Avallone, he was unaware that the cover sheet included a header that read "State of Delaware." He was also unaware that the order template automatically included a DHSS logo at the top of the document.

**4.** B & H informed Avallone that he could opt to return the equipment for a 92% credit, but Avallone declined to exercise that option.

der, DHSS initiated an investigation, which revealed the facts recounted above.

Avallone eventually made the final payment on the order. The very next day, the Director of DSAMH advised Avallone that the Deputy Director of DSAMH was recommending Avallone's dismissal. At Avallone's request, the Planning Director of DSAMH held a pretermination meeting. Three weeks after making the final payment on the order, DHSS Secretary, Vincent P. Meconi, sent Avallone a letter, which recounted the relevant facts and concluded as follows:

> Your conduct is unacceptable and cannot be condoned. The Code of Conduct provides: "Each state employee . . . shall endeavor to pursue a course of conduct which will not raise suspicion among the public that such state employee . . . is engaging in acts which are in violation of the public trust and which will not reflect unfavorably upon the State and its government." 29 *Del. C.* § 5806. Your actions violated [ ] the Code of Conduct. You obtained video equipment for your personal use by misrepresenting the purchaser—as the State of Delaware/DSAMH—to the vendor.
>
> A review of your disciplinary record reveals no prior disciplinary action. Your record was considered when determining the penalty in this case.
>
> Your dismissal is effective as of the date of this letter.

Avallone filed a grievance from his dismissal, which was denied after a hearing.

Avallone then appealed the grievance denial to the MERB, which voted, 3–1, to reinstate Avallone, but without backpay. The MERB identified the three "just cause" elements that are required under Delaware Merit Rule 12.1 to impose disciplinary measures. Merit Rule 12.1 states that "just cause" requires the following three elements: (1) "showing that the employee has committed the charged offense," (2) "offering specified due process rights," and (3) "imposing a penalty appropriate to the circumstances." The MERB concluded that "DHSS ha[d] met its burden to prove by a preponderance of the evidence the first two elements of just cause." But as to the third just cause element, "imposing a penalty appropriate to the circumstances," the MERB stated:

> A majority of the [MERB] [ ] concludes as a matter of law that the penalty of dismissal was disproportionate under the circumstances. The majority wants to make it clear they do not condone what Avallone did. After he could not get personal credit from B & H, Avallone misrepresented that he was purchasing video equipment on behalf of the State of Delaware, using a State purchase order number "as their guarantee of payment to me." Ms. Clementoni testified that from the beginning DYRS and Avallone understood that he would rent the equipment he needed for the video project and that she would never have approved the purchase because it would not have been an authorized expense under the Children's Trust Fund.
>
> The majority of the [MERB] does not believe that Avallone ever intended the State to pay for the video equipment but was hoping to complete the video project, submit his invoices for unreimbursed expenses, and use those monies to repay B & H. But with his personal financial difficulties, he could not have purchased the equipment without relying on the State's creditworthiness. That is the gravamen of his offense.
>
> The majority of the [MERB], however, believes that termination was a disproportionate penalty under the circumstances, particularly in light of Avallone's fifteen-year unblemished record prior to this incident. The State did not

have to pay for the cost of the video equipment purchased by Avallone; he eventually paid with his own money with a loan from a friend. The majority of the [MERB] believes that the appropriate penalty is to deny Avallone any back pay upon his reinstatement.

On appeal to the Superior Court, DHSS raised three arguments. First, DHSS argued that the MERB exceeded its statutory authority in modifying the discipline that DHSS imposed. The Superior Court agreed, concluding that the MERB "has the authority to either accept the dismissal or find against the appointing authority" but it may not "substitute its own discipline for that of the agency involved." [5] Second, DHSS argued that the MERB improperly shifted the burden to DHSS to prove just cause. The Superior Court again agreed, explaining that "[i]t can be inferred that the [MERB] placed the burden of proof on DHSS with regard to the third element of just cause because it explicitly stated that DHSS met its burden with regard to the first two elements." [6] Third, DHSS argued that the MERB erred in concluding that DHSS imposed a disproportionate penalty. The Superior Court declined to address the third argument in light of its disposition of the first two issues. [7]

### *Analysis*

 We review decisions of the MERB "to determine whether [it] acted within its statutory authority, whether it properly interpreted and applied the applicable law, whether it conducted a fair hearing and whether its decision is based on sufficient substantial evidence and is not arbitrary." [8] We have defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [9] We review errors of law *de novo*. [10] We review questions of statutory interpretation *de novo*. [11]

### *Title 29, Chapter 59, as amended, authorizes the MERB to remedy a wrong arising under a misapplication of the Merit Rules*

 Title 29, section 5949(b) of the Delaware Code provides:

If the Board upholds the decision of the appointing authority, the employee shall have a right of appeal to the Superior Court on the question of whether the appointing authority acted in accordance with law. The burden of proof of any such appeal to the Board or Superior Court is on the employee. If the Board finds against the appointing authority, the appointing authority shall have a right of appeal to the Superior Court on the question of whether the appointing authority acted in accordance with law. The burden of proof of any such appeal to the Superior Court is on the appointing authority. All appeals to the Superior Court shall be by the filing of a notice of appeal with the Court within 30 days

5. *Department of Health and Social Services v. Avallone*, 2010 WL 1266879, at *3 (Del.Super.Mar. 29, 2010).

6. *Id.* at *4 n. 36.

7. *Id.* at *4 n. 37.

8. *Hopson v. McGinnes*, 391 A.2d 187, 189 (Del.1978) (citing *In re Spielman*, 316 A.2d 226, 227 (Del.Super.1974)).

9. *Person–Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del.2009) (quoting *Olney v. Cooch*, 425 A.2d 610, 614 (Del.1981)).

10. *Id.*

11. *Freeman v. X–Ray Assocs., P.A.*, 3 A.3d 224, 227 (Del.2010) (citing *Dambro v. Meyer*, 974 A.2d 121, 129 (Del.2009)).

of the employee being notified of the final action of the Board.[12]

In *State v. Berenguer*,[13] the Superior Court interpreted section 5949(b) as follows:

Section 5949 does not grant to the Commission power to fix the penalties on appeal from disciplinary actions and to substitute these for the penalties imposed by the appointing authority. The statute is silent on the question of modification and the Commission is limited by the wording of the statute to the two alternatives provided for in [section] 5949(b).[14]

In 1994, twenty years after *Berenguer*, the General Assembly amended portions of title 29, chapter 59. Significant to this appeal, the General Assembly added section 5931(a), which relevantly provides:

The Director and the Board, at their respective steps in the grievance procedure, shall have the authority to grant back pay, restore any position, benefits or rights denied, place employees in a position they were wrongfully denied, or otherwise make employees whole, under a misapplication of any provision of this chapter or the Merit Rules....

In the synopsis that accompanied the 1994 amendment,[15] the General Assembly explained that the amended statute "would expand on the holding of the [Superior] Court" in *Worsham v. State*.[16] In *Worsham*, the Superior Court stated that "the Commission's authority to remedy violations of the Merit Rules is [ ] not express; in the past, the Commission has simply vindicated the rights created by the Merit Rules."[17] The court continued: "[T]he statute and the Merit Rules indicate that necessary remedial powers should be implied."[18] What the General Assembly understood the *Worsham* court to hold is equally important. In the 1994 synopsis, the General Assembly stated that the *Worsham* court concluded that "where the State Personnel Commission finds a violation of the rights created by the Merit System, the Merit System statute and the Merit Rules indicate that necessary remedial powers should be implied in order to make the employee whole."[19] The General Assembly then stated that the amended statute "grant[s] *explicit authority* to the Director and the Board to *make remedial awards for any wrong* arising under a misapplication of any provision of this chapter of the Merit Rules."[20]

■■■ Whether the Superior Court erred in concluding in this case that the MERB was not authorized to modify the discipline that DHSS imposed depends upon the meaning of section 5931(a). "The goal of statutory construction is to determine and give effect to legislative in-

---

12. 29 *Del. C.* § 5949(b).

13. 321 A.2d 507 (Del.Super.1974).

14. *Id.* at 510. At the time of the *Berenguer* decision, the State Personnel Commission was the entity that reviewed disciplinary actions. The MERB later replaced the State Personnel Commission. Since the *Berenguer* decision, the General Assembly has not materially amended the content of section 5949(b).

15. H.B. No. 518, 137th Gen. Assem. (1994) (Synopsis).

16. 1993 WL 390477 (Del.Super.Aug.19, 1993), *aff'd*, 638 A.2d 1104 (Del.1994). Although this Court affirmed the Superior Court's decision in *Worsham*, the General Assembly, in explaining its intent, did not cite this Court's opinion in *Worsham*.

17. *Id.* at *5.

18. *Id.*

19. H.B. No. 518, 137th Gen. Assem. (1994) (Synopsis).

20. *Id.* (emphasis added).

tent."[21] " '[T]he synopsis accompanying [an] amendment' is 'instructive' in determining the General Assembly's intent."[22] "It is settled Delaware law that 'the authority granted to an administrative agency should be construed so as to permit the fullest accomplishment of the legislative intent or policy.' "[23]

With these principles of statutory construction in mind, we conclude that the General Assembly intended for the MERB to exercise broad remedial powers under section 5931(a), including the "authority to grant back pay, restore any position, benefits or rights denied, place employees in a position they were wrongfully denied, *or otherwise make employees whole,* under a misapplication of any provision of this chapter or the Merit Rules . . . ."[24] If the MERB could not modify a penalty imposed by an agency that is *inappropriate* to the circumstances, the misapplication of Merit Rule 12.1 would stand, contrary to the intent of the General Assembly. The broad remedial powers conferred by section 5931(a) necessarily include the MERB's power to modify disciplinary measures imposed in violation of Merit Rule 12.1.

Accordingly, we hold that the MERB is not limited to either wholly accepting or rejecting the discipline imposed by the appointing authority. Title 29, chapter 59, as amended, authorizes the MERB to remedy a wrong arising under a misapplication of any provision of chapter 59 or the Merit Rules. Because the Superior Court erred in concluding that the MERB lacks the authority to modify the discipline that DHSS imposed, we must reverse.

### The MERB Did Not Shift the Burden of Proof

The burden of proof in employee dismissal proceedings is well established in Delaware. When the State terminates a person's employment, the MERB presumes that the State did so properly.[25] The discharged employee has the burden of proving that the termination was improper.[26] Thus, Avallone was required to prove the absence of "just cause," as that term was defined in Merit Rule 12.1.

The MERB concluded "that termination was a disproportionate penalty under the circumstances, particularly in light of Avallone's fifteen-year unblemished record prior to this incident." The Superior Court "inferred that the [MERB] placed the burden of proof on DHSS with regard to the third element of just cause because it explicitly stated that DHSS met its burden with regard to the first two elements."[27] Although the MERB inartfully stated that "DHSS ha[d] met its burden to prove . . . the first two elements of [ ] just cause," we do not conclude that the burden of proving the third element of just cause was shifted to DHSS. The MERB did not state that *DHSS failed to prove* that the penalty was appropriate to the

21. *Dambro,* 974 A.2d at 137 (quoting *Ramirez v. Murdick,* 948 A.2d 395, 398 (Del.2008)).

22. *LeVan v. Independence Mall, Inc.,* 940 A.2d 929, 933 (Del.2007) (quoting *Leatherbury v. Greenspun,* 939 A.2d 1284, 1289–90 (Del. 2007)).

23. *Worsham,* 638 A.2d at 1107 (quoting *Atlantis I Condominium Ass'n v. Bryson,* 403 A.2d 711, 713 (Del.1979)).

24. *29 Del. C.* § 5931(a) (emphasis added).

25. *See Hopson,* 391 A.2d at 188. *See also Knotts v. Bewick,* 467 F.Supp. 931, 935 (D.Del.1979).

26. *29 Del. C.* § 5949(b) ("The burden of proof of any such appeal to the Board or Superior Court is on the employee.").

27. *Avallone,* 2010 WL 1266879, at *4 n. 36.

circumstances. Rather, the MERB "conclude[d] as a matter of law that the penalty of dismissal was disproportionate under the circumstances." Because it is not apparent from the record that the burden of proof on the third element was shifted by the MERB to DHSS, DHSS did not demonstrate reversible error, and the Superior Court erred in finding it.

### Conclusion

The judgment of the Superior Court is **REVERSED.**