**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, DEPARTMENT OF TRANSPORTATION, | ) ) ) ) | |
| Employer-Below/Appellant, | ) ) | |
| v. | ) ) | C.A. No. N19A-06-008 JRJ |
| ROBERT PEARSON, | ) ) | |
| Employee-Below/Appellee, | ) ) | |
| MERIT EMPLOYEE RELATIONS BOARD, | ) ) ) | |
| Appellee. | ) | |

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

| | | |
|---|---|---|
| JAMES KWASNIESKI, | ) ) | |
| Employee-Below/Appellant, | ) ) | |
| v. | ) ) | C.A. No. N19A-06-009 JRJ |
| STATE OF DELAWARE, DEPARTMENT OF TRANSPORTATION, | ) ) ) ) | |
| Employer-Below/Appellee, | ) ) | |
| MERIT EMPLOYEE RELATIONS BOARD, | ) ) ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION

Submitted: March 18, 2020
Decided: May 15, 2020

*Upon Delaware Department of Transportation's Appeal from Decision of the*
*Merit Employee Relations Board***:**
**AFFIRMED.**

*Upon James Kwasnieski's Appeal from Decision of the Merit Employee*
*Relations Board***:**
**REVERSED.**

Kevin R. Slattery, Esquire, Delaware Department of Justice, Wilmington, Delaware, Deputy Attorney General, Attorney for Employer-Below/Appellant Delaware Department of Transportation.

Lance Geren, Esquire, O'Donoghue & O'Donoghue, LLP, New Castle, Delaware, Attorney for Employee-Below/Appellee Robert Pearson and Employee Below/Appellant James Kwasnieski.

**Jurden, P.J.**

## I. INTRODUCTION

The grievances of Robert Pearson and James Kwasnieski, both employees of the Delaware Department of Transportation ("DelDOT"), are before the Court, for the second time, on appeal from the Merit Employee Relations Board ("MERB"). Pearson and Kwasnieski filed grievances after DelDOT rejected their individual requests for shift differential pay, which is "compensation for working inconvenient hours and schedules as authorized at the agency's discretion."[1] The previous appeal necessitated an interpretation by this Court of the word "shift" within the context of the Merit Rules. By Opinion dated August 13, 2018, the Court held that a shift is a "scheduled period of work," reversed the MERB's prior rulings, and remanded these cases for further proceedings consistent with its Opinion.[2] The Court also instructed the MERB to consider on remand the distinction between the terms "agency" and "supervisor" within the Merit Rules. To be eligible for shift differential pay, an employee must be "authorized by [the] agenc[y]" to work a night shift.[3] Unlike the word "shift," the terms "agency" and "supervisor" are defined within the Merit Rules.[4]

---

[1] Merit Rule 4.15.1.
[2] *See Dep't of Transp. v. Kwasnieski*, C.A. No. N17A-12-001 JRJ, at *4–6 (Del. Super. Ct. Aug. 13, 2018).
[3] Merit Rule 4.15.2.
[4] *See* Merit Rule 19.0.

DelDOT appeals from the MERB's decision on remand in Pearson's case, asking the Court to determine whether the MERB properly considered the distinction between "agency" and "supervisor." Kwasnieski appeals from the MERB's decision asking the Court to determine whether the MERB properly applied the plain meaning of "shift" on remand. Upon consideration of the parties' arguments and the record below, the Court finds the MERB properly considered the distinction between "agency" and "supervisor" but misapplied the plain meaning of "shift" to Kwasnieski's grievance. The Court further finds that Kwasnieski is entitled to shift differential pay. Accordingly, the MERB's decision on Pearson's grievance is **AFFIRMED** and the decision on Kwasnieski's grievance is **REVERSED**.

## II. FACTS

As DelDOT employees, Pearson constructs transportation-related electronic systems and Kwasnieski conducts inspections and tests at hot mix facilities. Pearson works a regular shift from 7:00 a.m. to 3:00 p.m. and separately performs between one and three intersection rebuilds each month, which usually take place at night. Kwasnieski receives work assignments on a daily basis and, as a result, does not have a consistent work schedule.

On November 9, 2015 and November 16, 2015, Pearson worked his normal shift, which ended at 3:00 p.m., and then, at the direction of his supervisor, transitioned to working intersection rebuilds until 10:00 p.m. and 2:00 a.m.,

4

respectively. Pearson received overtime pay for the hours worked beyond his regular shift, but DelDOT rejected his request for shift differential pay.

On October 8, 2015, Kwasnieski arrived for his 8:00 a.m. shift in Dover. After receiving his assignment for the day, Kwasnieski travelled to Wilmington where he expected to finish the day's assignment by 1:30 p.m. Shortly after arriving at the Wilmington worksite, however, a technician informed Kwasnieski of a last-minute project that required attention later that day. After confirming with his supervisor the need for Kwasnieski to work on the project, and at his supervisor's direction, Kwasnieski worked the project to completion, returning to Dover at 10:15 p.m. Kwasnieski received overtime pay for the time worked beyond eight hours, but DelDOT rejected his request for shift differential pay.

Pearson and Kwasnieski filed individual grievances regarding DelDOT's denial of their shift differential pay requests. Following various proceedings at the agency level, the details of which are more fully set forth in this Court's August 13, 2018 Opinion,[5] the MERB upheld both Pearson's and Kwasnieski's grievances, concluding that additional time worked "is a 'shift' if four or more hours are worked."[6] DelDOT appealed the MERB's decisions to this Court.

---

[5] *See Kwasnieski*, C.A. No. N17A-12-001 JRJ, at *4–6.
[6] *See id.* at *6.

The Court reversed the decisions of the MERB and remanded the cases to the MERB for further proceedings. The Court found that the MERB's interpretation of "shift," "four or more hours . . . worked," did not comport with the word's plain meaning and therefore tainted the MERB's analysis of the shift differential pay rule.[7] Applying traditional principles of statutory construction, the Court held that "the plain meaning of shift, 'a scheduled period of work,' controls."[8] The Court instructed the MERB on remand to apply the plain meaning of "shift" and to consider "the distinction between the terms 'supervisor' and 'agency' in the Merit Rules."[9]

On remand, the MERB upheld Pearson's grievance and denied Kwasnieski's grievance. According to the MERB, Pearson's traffic rebuilds fall within the plain meaning of "shift" but Kwasnieski's last-minute assignment does not. The MERB also acknowledged that "supervisor" and "agency" are defined terms within the Merit Rules but found the distinction immaterial to its analysis of the shift differential pay rule "[b]ecause an agency can only act through its individual agents."[10]

These appeals followed.

## III. PARTIES' CONTENTIONS

---

[7] *See id.* at *7–12.
[8] *Id.* at *10.
[9] *Id.* at *12.
[10] *Pearson v. Del. Dep't of Transp.*, MERB Docket No. 16-11-662 (May 30, 2019), at 5 n.1; *accord Kwasnieski v. Del. Dep't of Transp.*, MERB Docket No. 16-11-661 (May 30, 2019), at 5 n.1.

DelDOT appeals from the MERB's decision upholding Pearson's grievance, arguing that the MERB, on remand, committed legal error by finding no meaningful difference between the terms "agency" and "supervisor" for determining eligibility for shift differential pay. DelDOT essentially argues that the Merit Rules, by defining the terms separately, abrogate the principal-agent relationship between agencies and supervisors any time the Merit Rules use "agency" instead of "supervisor." Pearson argues that the MERB's legal conclusion is sound because "supervisors, when directing the workforce, speak for the agency."[11]

Kwasnieski appeals from the MERB's decision denying his grievance, arguing that the MERB committed legal error by concluding that Kwasnieski did not work a "shift" when he completed the additional assignment. According to Kwasnieski, the additional time spent completing the assignment fits squarely within the plain meaning of "shift" as set forth in the Court's August 13, 2018 Opinion. DelDOT urges the Court to affirm the MERB's decision on Kwasnieski's grievance,[12] arguing that Kwasnieski's additional work amounted to mere overtime because the underlying assignment was "unforeseen."

## IV. STANDARD OF REVIEW

---

[11] Answering Br. Robert Pearson at 6–7.

[12] As with its decision on Pearson's grievance, the MERB's decision on Kwasnieski's grievance found that a supervisor may act on behalf of the agency for purposes of the shift differential pay rule. While DelDOT contends that this conclusion of law constitutes reversible error in Pearson's case, DelDOT submits that the decision on Kwasnieski's grievance should stand because the decision is otherwise "essentially correct." *See* Answering Br. DelDOT at 7.

7

When considering an appeal from the MERB, the Court must determine whether the MERB's decision is supported by substantial evidence and free from legal error.[13] Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion."[14] The Court does not weigh evidence, determine questions of credibility, or make its own factual findings.[15] Questions of law are reviewed *de novo*.[16]

## V. DISCUSSION

"Shift differential is pay for working inconvenient hours and schedules authorized at the agency's discretion"[17] and is "payable for single shift assignments as well as recurring shift assignments."[18] Generally, employees are eligible for shift differential pay when "authorized by agencies to work night shifts."[19] A "night shift" for these purposes is "a shift which includes four or more hours of work between the hours of 6:00 p.m. and 8:00 a.m. the following day."[20] This Court previously held that a "shift" is "a scheduled period of work."[21] Accordingly, shift

---

[13] *Avallone v. Dep't of Health & Soc. Servs.*, 14 A.3d 566, 570 (Del. 2011); *Olney v. Cooch*, 425 A.2d 610, 613 (Del. 1981); *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

[14] *Avallone*, 14 A.3d at 570 (quoting *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009)).

[15] *See PAL of Wilmington v. Graham*, 2008 WL 2582986, at *3 (Del. Super. June 18, 2008).

[16] *Ward v. Dep't of Elections*, 2009 WL 2244413, at *1 (Del. 2009).

[17] Merit Rule 4.15.1.

[18] Merit Rule 4.15.4.

[19] Merit Rule 4.15.2.

[20] Merit Rule 19.0. (definition of "night shift").

[21] *Kwasnieski*, C.A. No. N17A-12-001 JRJ, at *10.

8

differential pay is available to "[e]mployees authorized by agencies to work"[22] "a [scheduled period of work] which includes four or more hours of work between the hours of 6:00 p.m. and 8:00 a.m. the following day."[23]

The Merit Rules define "supervisor" and "agency" as separate terms. A "supervisor" is "a person in a position who, on a regular and continuing basis, plans, assigns, reviews, disciplines, recommends hire, termination and promotion and completes and approves performance plans of two or more Classified employees excluding casual, seasonal, and contractual employees."[24] An "agency" is "any board, department, elected office or commission which receives an appropriation in accordance with [Chapter 59 of Title 29 of the Delaware Code]."[25]

## A. Pearson's Grievance

To find that Pearson qualified for shift differential pay, the MERB had to conclude that Pearson was "authorized by [the] agenc[y]" to work a night shift.[26] While the MERB previously found that Pearson was "assigned" to work the intersection rebuilds,[27] it had not concluded that Pearson was "authorized" by the "agency" to work a night shift. Accordingly, on remand, the MERB was tasked with determining whether Pearson was authorized to work a night shift and, if so, whether

---

[22] Merit Rule 4.15.2.
[23] Merit Rule 19.0 (definition of "night shift").
[24] Merit Rule 19.0 (definition of "supervisor").
[25] Merit Rule 19.0 (definition of "agency").
[26] *See* Merit Rule 4.15.2.
[27] *See Pearson v. Del. Dep't of Transp.*, MERB Docket No. 16-11-662 (Nov. 1, 2017), at 5.

the "agency" made the authorization. Further, the Court instructed the MERB to consider "the distinction between the terms 'supervisor' and 'agency' in the Merit Rules."[28] On remand, the MERB found that "it [does not] matter [] who in Pearson's chain-of-command scheduled his recurring nighttime shift" because "an agency can only act through its individual agents."[29]

DelDOT argues that the phrase "authorized by agencies" should be construed narrowly because "agency" and "supervisor" are defined terms. According to DelDOT, agencies "'authoriz[e]' a shift to be created" while supervisors assign employees to work the shift and "'schedul[e]' someone to work overtime."[30]

The shift differential pay rule provides supplemental pay for "[e]mployees *authorized by agencies* to work night shifts."[31] The agency does not authorize the shift; it authorizes the *employee* to work the shift. Therefore, the relevant question is how do agencies authorize *employees* to work night shifts. The only reasonable answer is that which the MERB has already provided: through their supervisors. Otherwise, State employees assigned to work overnight intersection rebuilds would be ineligible for shift differential pay unless a member of the Governor's Cabinet, or another high-level agency official, has personally approved the shift in advance.

---

[28] *Kwasnieski*, C.A. No. N17A-12-001 JRJ, at *12.
[29] *Pearson v. Del. Dep't of Transp.*, MERB Docket No. 16-11-662 (May 30, 2019), at 5 n.1.
[30] Am. Opening Br. DelDOT at 9.
[31] Merit Rule 4.15.2 (emphasis added).

An agency can act only through its individual agents;[32] and when directing the workforce, the agency acts through its supervisors. Accordingly, for purposes of the shift differential pay rule, a supervisor may, on behalf of the agency, authorize employees to work night shifts. The MERB's decision regarding whether a supervisor may act on behalf of the agency for the purpose of authorizing a night shift is free from legal error, and its finding that DelDOT authorized Pearson to work a night shift is supported by substantial evidence. Accordingly, the MERB's decision on Pearson's grievance is affirmed.

## B.    Kwasnieski's Grievance

On remand, the MERB concluded that the additional hours worked by Kwasnieski on October 8, 2015 did not constitute a "shift." As noted, the Court found that a "shift" is a "period of work scheduled by the Agency."[33] In reaching its conclusion, the MERB focused on the sudden nature of the assignment, characterizing the assignment as a "last-minute change in the scope of the work required by the contractor."[34] Indeed, the MERB suggests that an assignment qualifies as a "shift" only if the assignment is "*pre*-scheduled by the agency."[35] Thus, it appears that the MERB placed an additional qualification on the plain

---

[32] *See Braswell v. United States*, 487 U.S. 99, 110 (1988) ("Artificial entities . . . may act only through their agents . . . .").

[33] *See Kwasnieski*, C.A. No. N17A-12-001 JRJ, at *11.

[34] *Kwasnieski v. Del. Dep't of Transp.*, MERB Docket No. 16-11-661 (May 30, 2019), at 5.

[35] *Id.* (emphasis added).

meaning of "shift" with respect to Kwasnieski—that the period of work must be scheduled *in advance*. DelDOT agrees with the MERB's analysis and argues that Kwasnieski's additional work time amounted to mere overtime because the underlying assignment was "unforeseen."

The MERB's application of the plain meaning of "shift" is erroneous. A period of work does not need to be "pre-scheduled" to constitute a shift. Moreover, the existence of a shift is not contingent upon the foreseeability of the demands for labor; an agency may authorize an employee to work a shift even if the need was unforeseeable. So long as a period of work has been scheduled, a "shift" exists.

Kwasnieski is entitled to shift differential pay. First, the time that Kwasnieski spent completing the additional project was a shift. The additional project was scheduled to commence at 5:30 p.m., several hours after Kwanieski completed his regular assignment. While the additional project may have been unforeseeable, the time that Kwasnieski spent completing the project was nevertheless scheduled by the agency when Kwasnieski's supervisor, during Kwasnieski's regular shift and on behalf of DelDOT, directed Kwasnieski to complete the project later that day. In other words, the time spent completing the additional project was a "period of work scheduled by the agency."

Second, the additional shift was a "night shift," as defined by the Merit Rules. The additional period of work began sometime before 6:00 p.m. and ended at 10:15

12

p.m. when Kwasnieski returned to Dover. Accordingly, the additional shift included "four or more hours of work between the hours of 6:00 p.m. and 8:00 a.m. the following day."[36]

Finally, DelDOT authorized Kwasnieski, an employee of DelDOT, to work the night shift when Kwasnieski's supervisor directed Kwasnieski to complete a project that was scheduled to begin at 5:30 p.m. As an agent of DelDOT, Kwasnieski's supervisor acted on behalf of the agency.

Therefore, Kwasnieski, having been authorized by DelDOT to work a night shift, is entitled to shift differential pay. Accordingly, the MERB's decision on Kwasnieski's grievance is reversed as legal error.

## VI. CONCLUSION

An agency can act only through its individual agents. The MERB, having found Pearson's supervisor directed Pearson to work the intersection rebuilds, did not commit legal error by concluding that the distinction between the terms "agency" and "supervisor" had no bearing on Pearson's eligibility for shift differential pay. Pearson's supervisor, acting on behalf of the agency, authorized Pearson to work a night shift. Accordingly, the MERB's decision on Pearson's grievance is hereby **AFFIRMED**.

---

[36] Merit Rule 19.0 (definition of "night shift").

For purposes of the Merit Rules, a shift is a scheduled period of work. While the project requiring Kwasnieski's attention was unforeseen, Kwasnieski's supervisor nevertheless scheduled Kwasnieski to complete the project. The MERB's conclusion that the additional period of work was not a "shift" is therefore erroneous. Accordingly, the MERB's decision on Kwasnieski's grievance is hereby **REVERSED**. Moreover, the Court finds that Kwasnieski, having been authorized by DelDOT to work a night shift, is entitled to shift differential pay.

      **IT IS SO ORDERED.**

*Jan R. Jurden*

—————————————————————

Jan R. Jurden, President Judge

cc:  Prothonotary

14