**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

VENUS MOORE,              )
                              )
          Appellant,      )
                              )
     v.                     )     C.A. No. K22A-09-003 NEP
                              )
STATE OF DELAWARE MERIT    )
EMPLOYEE RELATIONS BOARD,  )
and DEPARTMENT OF HEALTH   )
AND SOCIAL SERVICES,       )
DIVISION OF MANAGEMENT    )
SERVICES,[1]               )
                              )
          Appellees.      )

Submitted: January 27, 2023
Decided: April 6, 2023

**ORDER**

***Upon Appeal from the Decision of the Merit Employee Relations Board***
**AFFIRMED**

1.     Appellant Venus Moore (hereinafter "Moore") is a former employee of the Department of Health and Social Services (hereinafter "DHSS"). Moore's employment at DHSS was terminated effective February 1, 2022, after a near-continuous absence from work beginning on or around September 27, 2021. While

---

[1] Although the appellant named only the Merit Employee Relations Board as the appellee in the initial notice of appeal, the real party in interest is the Department of Health and Social Services, the appellant's former employer and the respondent below. *See Gibson v. Merit Employee Relations Bd.*, 16 A.3d 937, 2011 WL 1376278, at n.1 (Del. 2011) (TABLE) ("Although the appellant named the Merit Employee Relations Board as the appellee in this appeal, the real party in interest is the Violent Crimes Compensation Board, the appellant's former employer and the respondent below."). The appellant later filed an amended notice of appeal naming both appellees. Amended Notice of Appeal (D.I. 13).

1

the record is not entirely clear as to the timeline, it appears that Moore may have obtained approval of a portion of that absence through the Family Medical Leave Act (the "FMLA"). Prior to her termination, she had made allegations against her supervisor of harassment and creating a hostile work environment, but those allegations were never substantiated upon investigation.

## I.     FACTUAL AND PROCEDURAL BACKGROUND[2]

2.     On October 1, 2021, Moore received a negative performance review rating her overall performance as "Needs Improvement," citing issues with missing deadlines, failing to appear at the office in person when scheduled, and issues completing assigned work independently as trained.[3] Moore refused to sign the performance review[4] and instead drafted a six-page rebuttal dated October 4, 2021.[5]

3.     On October 22, 2021, a disciplinary investigation was initiated because Moore was allegedly failing to show up at work and was failing to submit requests for leave or otherwise communicate with management about "submissions for leave including FMLA . . ."[6] The report recommended a written reprimand as the appropriate sanction.[7] While the record is unclear, Moore may have later received retroactive FMLA leave to cover a portion of her absence.[8]

4.     Prior to the negative performance review, Moore had submitted a Respectful Workplace and Anti-Discrimination Workplace Form on August 23, 2021, alleging that her direct supervisor, Stacey Lynch (hereinafter "Lynch"), had created a hostile work environment and was discriminating against Moore on account of her race, color, age, family responsibilities, disability, veteran status, and

---

[2] The facts herein are drawn from the official record on appeal (cited as "R. at ___").
[3] R. at 187–89.
[4] R. at 189.
[5] R. at 193–98.
[6] R. at 200–202.
[7] R. at 202.
[8] *See* R. at 236.

other ("caretaker of a child with a disability").[9]  In the section titled "Incident Information," Moore primarily took issue with Lynch's tone and manner of speaking to Moore when confronting her about unscheduled absences from in-person work.[10]

5.      The Department of Human Resources ("DHR") conducted an investigation and sent a letter to Moore dated December 1, 2021, informing her that her hostile work environment allegations could not be substantiated.[11]  DHR also mistakenly sent Moore a letter addressed to Lynch recommending that Lynch complete online courses entitled "Coaching Skills for Supervisors," "Conflict Resolution," and "Managing difficult Employees [sic]."[12]  The investigation was reviewed by another DHR employee who also concluded that there had been no discrimination.[13]

6.      On December 21, 2021, DHSS sent a letter to Moore noting that she had been continuously absent from work since September 27, 2021, and that she was on "unapproved and unprotected leave" as of December 18, 2021.[14]  The letter gave her four options to avoid dismissal from her position: 1) return to full-time work by January 4, 2022, with documentation explaining her absence since December 18; 2) obtain approval for a short-term disability claim; 3) obtain written approval for a leave of absence without pay; or 4) resign.[15]

7.      Moore then submitted a leave of absence request, which was denied "for operational reasons."[16]  She did not return to work, and on January 5, 2022, was

---

[9] R. at 95.
[10] *See* R. at 96 ("Mrs. Lynch's tone was raised which was unwelcoming, demeaning as well as chastising. . . . [I] felt like I was being put down and, didn't like her tone or manner in which she was speaking to me.").
[11] R. at 135.
[12] R. at 138, 232.
[13] R. at 229–31.
[14] R. at 205–06.
[15] *Id.*
[16] R. at 222.  Her request for short-term disability was also denied and is the subject of a separate

sent a letter indicating that dismissal from her position was recommended but advising that she had a right to a pre-termination meeting.[17]

8. Moore requested a pre-termination meeting, which was held on January 24, 2022.[18] There are no details in the record about what was discussed in this meeting, except that it was concluded that Moore "did not offer any reasons to rescind the recommended termination."[19] Moore's employment was then terminated via letter, effective February 1, 2022.[20] Moore filed a timely appeal to the Merit Employee Relations Board (the "Board") on February 18, 2022.[21]

9. A live hearing before the Board took place on July 7, 2022, during which DHSS presented testimony from two witnesses and Moore testified on her own behalf.[22] At the hearing, Moore testified that she was on approved FMLA leave from September 26, 2021, until December 18, 2021.[23] She testified that she applied for that leave 30 days after September 26, but did not state when it was approved.[24] Kristin Molero (hereinafter "Molero"), Lynch's supervisor, testified that there was some confusion about the FMLA leave and that part of the issue was that Moore was not communicating with her or with Lynch, leaving emails unanswered and otherwise failing to inform them of the status of her FMLA leave requests.[25]

10. The Board denied Moore's appeal in a unanimous decision dated August 30, 2022, finding that she "failed to appear for work and failed to secure

_____

appeal pending before this Court. *See Moore v. State Employee Benefits Committee*, No. K22A-07-001 NEP.
[17] R. at 219–20.
[18] R. at 225.
[19] *Id.*
[20] *Id.*
[21] R. at 7.
[22] R. at 2, 226–57.
[23] R. at 252.
[24] R. at 253.
[25] R. at 236.

4

authorized leave for an extended period" and that termination of employment was an appropriate sanction given DHSS's operational needs.[26] The Board did not address Moore's hostile work environment allegations on the merits, noting only in its findings of fact that the claims had not been substantiated upon investigation.[27] Moore timely filed a notice of appeal to this Court on September 29, 2022.[28]

11. Moore filed a two-page opening brief with this Court on December 15, 2022, requesting "a review and/or hearing of a case that pertains to my wrongful termination" by DHSS.[29] The brief argues, without any citation to authority, that "DHS [sic] failed to recognize the specific issues (of my personal harassment, the hostile work environment) as a *protected status* employee as a disabled U.S. Veteran to initiate swift, appropriate actions in accordance with federal and state laws, regulations, and procedures to mitigate, preclude similar incidents [sic]."[30] It further asserts that management failed to follow "protocol and procedures applicable to [the] Family Medical Leave Act, reasonable accommodation, and DHS Workplace and Anti-Discrimination Policy, which clearly violations of [sic] the Americans with Disabilities Act."[31]

12. DHSS filed an answering brief on January 17, 2023, arguing that the Board's determination was based on sufficient evidence and free from legal error, and that the Court should not consider the exhibits attached to Moore's opening

---

[26] R. at 5–6.

[27] *See* R. at 3, 5–6.

[28] R. at 261; *see* 29 *Del. C.* § 5949(b) ("All appeals to the Superior Court shall be by the filing of a notice of appeal with the Court within 30 days of the employee being notified of the final action of the [Merit Employee Relations] Board.").

[29] Opening Br. (D.I. 27) at 1. The document is styled as a letter to the Court and does not follow the form and content requirements of Superior Court Civil Rule 107.

[30] *Id.*

[31] *Id.* at 1–2.

brief.[32]  Moore filed a reply brief on January 27, 2023.[33]

## II.  ANALYSIS

13.  At the outset, the Court notes that Moore appears to misunderstand the nature of this appellate proceeding.  She submitted numerous documents to this Court, some including handwritten annotations, and requests in her opening brief "another review concerning the facts & circumstances [sic] related to" this case.[34] This Court's role, however, is far more restricted.  First, the Court's review is "limited to the record that existed at the time of the [Board]'s decision."[35] Accordingly, the Court cannot consider the exhibits Moore submitted outside of the record, or the arguments alluded to in the handwritten notes on those exhibits.

14.  Second, "[i]n an appeal to the Superior Court from a decision of the Board, the Superior Court's function is to correct any errors of law as well as determine whether the record contains substantial evidence to support the Board's findings of fact and conclusions of law."[36]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[37] Questions of law are subject to *de novo* review.[38]  The onus is not on the Court, however, to identify appealable errors in the record below.  As the Delaware Supreme Court has explained,

---

[32] Answering Br. (D.I. 29).  Counsel for the Board did not file an Answering Brief because "a body acting in a judicial or quasi-judicial capacity has no cognizable interest in seeking to have its rulings sustained."  R. at 277.

[33] Reply Br. (D.I. 30).

[34] Opening Br. at 2.

[35] *Billings v. Merit Employee Relations Bd.*, 2015 WL 652046, at *8 (Del. Super. Feb. 13, 2015); *see also* Super. Ct. Civ. R. 72(g) ("Appeals shall be heard and determined by the Superior Court from the record of proceedings below, except as may be otherwise expressly provided by statute."); *In re Spielman*, 316 A.2d 226, 227 (Del. Super. 1974) (concluding that appeals from the Merit Employee Relations Board are on-the-record appeals pursuant to Rule 72(g)).

[36] *Gibson*, 2011 WL 1376278, at *2.

[37] *Id.* (quoting *Avallone v. State/Dep't of Health & Soc. Servs. (DHSS)*, 14 A.3d 566, 570 (Del. 2011)).

[38] *Id.*

6

> The appealing party is generally afforded the opportunity to select and frame the issues it wants to have considered on appeal. A corollary to that opportunity is a requirement that the appealing party's opening brief *fully* state the grounds for appeal, as well as the arguments *and supporting authorities* on each issue or claim of reversible error.[39]

Specifically, this Court's rules specify that a party's brief shall include, among other things, a statement of the case including a summary of relevant facts, a statement of the questions involved, and argument.[40] While "it has long been recognized that *pro se* litigants should be afforded some leniency in presenting their case to the Court," it is also true that a *pro se* litigant's "brief at the very least must assert an argument that is capable of review."[41] Thus, while the Court has reviewed the entire record, it will limit its analysis to issues fairly presented in Moore's opening brief.

15.     The Board decided under Merit Rule 12.1 that there was "just cause" for Moore's termination, relying primarily on her extended absence without leave from her position. Just cause is defined as "showing that the employee has committed the charged offense; offering specified due process rights specified in this chapter; and imposing a penalty appropriate to the circumstances."[42] In cases where the Board has affirmed an employee's termination, the "discharged employee has the burden of proving that the termination was improper" on appeal to this Court.[43]

16.     Moore's briefing fails to address any of the three elements required to

---

[39] *Flamer v. State*, 953 A.2d 130, 134 (Del. 2008) (internal citations omitted).
[40] Super. Ct. Civ. R. 107(e).
[41] *Billings*, 2015 WL 652046, at *7 (quoting *In re Estate of Hall*, 882 A.2d 761, 2005 WL 2473791, at *1 (Del. 2005) (TABLE)).
[42] Merit Rule 12.1. This rule is codified in the Delaware Administrative Code, 19 Del. Admin. Code § 3001-13.1, and available online on the Merit Employee Relations Board website. *See* Merit Employee Relations Board, State Merit Rules, *2018 Revised Merit Rules - complete* at 27 (Feb. 1, 2018), https://merb.delaware.gov/wp-content/uploads/sites/131/2018/03/2018-Revised-Merit-Rules-complete.pdf. The Court takes judicial notice "of the information found on this government site because that information can be 'accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *MidFirst Bank v. Mullane*, 2022 WL 4460810, at *5 n.35 (Del. Super. Sept. 26, 2022) (quoting D.R.E. 201(b)(2)).
[43] *Avallone*, 14 A.3d at 572.

show just cause. However, in the interests of fairness, the Court will consider two issues related to the cause of her termination that are at least alluded to in Moore's opening brief: 1) that the Board gave insufficient consideration to her hostile work environment allegations and 2) that the Board erred in concluding that she had failed to secure authorized leave to cover her extended absence.

## A. Hostile Work Environment

17.    In her brief, Moore argues that she was subjected to a hostile work environment, an issue on which the Board heard testimony but never addressed on the merits in its written decision. While not entirely clear, Moore's position appears to be that her hostile work environment allegations, if proven, would necessarily justify her extended absence from the workplace. In other words, the Board should have considered the hostile work environment claim as a sort of affirmative defense to the infraction of unauthorized absence from work. However, Moore cites no authority in support of this argument, and "[t]he failure to cite *any* authority in support of a legal argument constitutes a waiver of the issue on appeal."[44]

18.    Moreover, on its own review, the Court has identified only one case in which this Court considered a hostile work environment claim on the merits on an appeal from the Board, *Billings v. Merit Employee Relations Board*.[45] In *Billings*, as in this case, the grievant had challenged the termination of her employment and also alleged that she had been subjected to a hostile work environment. The Board "permitted testimony related to the hostile work environment claim" and proceeded to reject it on the merits for failure to state a *prima facie* claim.[46] This Court affirmed.[47] Nothing in *Billings*, however, indicated that the disposition of the hostile

---

[44] *Flamer*, 953 A.2d at 134; *see also Lemper v. Delaware Bd. of Dentistry & Dental Hygiene*, 2017 WL 3278931, at *2 (Del. Super. July 31, 2017) (same).
[45] 2015 WL 652046 (Del. Super. Feb. 13, 2015).
[46] *Billings*, 2015 WL 652046, at *2, *6.
[47] *Id.* at *10.

work environment claim was necessary to the disposition of the just cause determination (which both the Board and this Court considered separately).

19. Here, unlike in *Billings*, the Board did not address the hostile work environment allegations on the merits, noting only in its findings of fact that an internal investigation had failed to substantiate them.[48] That the internal investigation and review found no hostile work environment or discrimination is clearly supported by the record.[49] The Board accepted this representation and confined its legal analysis to the precise issue before it, i.e., whether there was just cause to terminate Moore's employment as a result of her extended absence. Ultimately, it was her termination, and not the conclusion of the discrimination investigation, that was the subject of Moore's appeal to the Board.[50] The Court thus finds no legal error in this disposition of Moore's hostile work environment allegations.[51]

## B. Authorized Leave

20. Moore also vaguely alludes to violations of various statutes and

---

[48] R. at 3.

[49] *See* R. at 135 ("Please be advised that the investigation into your complaint of Hostile Work Environment has been completed. After reviewing all the information, your allegations could not be substantiated."); *id.* at 231 ("Q: What was the conclusion? A: I was simply able to determine that there had been no discrimination.").

[50] *See* R. at 7 (completed merit appeal form for employees dismissed, demoted, or suspended).

[51] Even if the Board had reviewed the hostile work environment claim on its merits, the Court notes that in order to establish "a *prima facie* case for a hostile work environment claim" an employee must show that "1) the employee suffered intentional discrimination as a result of her [protected status]; 2) the discrimination was regular and pervasive; 3) the discrimination detrimentally affected her; 4) that a reasonable person of her likeness would be detrimentally affected; and 5) the employer is liable under the theory of *respondeat superior*." *Billings*, 2015 WL 652046, at *9. Appellant asserts in her brief that she has a protected status as a disabled U.S. veteran but fails to argue or point to any evidence suggesting that Lynch's alleged harassment was intentional discrimination, or that it had anything whatsoever to do with Appellant's veteran status. In other words, while Appellant alleges mistreatment and incivility by Lynch, she fails to allege the necessary link between that mistreatment and her veteran status (or any other protected characteristic) in order to establish a *prima facie* claim.

policies, including the FMLA, under which her leave may have been authorized. In her hearing, Moore testified before the Board that over half of her absence, from September 26, 2021, until December 18, 2021, from work was eventually approved and authorized as FMLA leave.[52] Moreover, Molero's testimony corroborated that an FMLA request was approved at some point in time (although it also suggests that Moore failed to communicate the authorized leave dates to either Lynch or Molero).[53] In its written decision, the Board did not acknowledge any of the testimony regarding FMLA leave, instead simply describing the period of unauthorized absence as spanning from September 27, 2021, until February 1, 2022.[54]

21. However, the record shows that Moore's FMLA leave expired no later than December 18, 2021, and that she was directed to return to work on January 4, 2022.[55] It is undisputed that she did not return to work on that date and did not have any approved leave at that time.[56] Thus, there is substantial evidence in the record to support the Board's conclusion that Moore failed to appear for work and failed to secure authorized leave, at least for the period from December 18, 2021, until February 1, 2022.[57] Finally, Moore has not argued that she was denied due process

---

[52] R. at 252. The Court notes that it cannot consider the documentation submitted outside of the record that corroborates those dates. *See* Exs. To Amended Notice of Appeal (D.I. 17).

[53] R. at 236.

[54] R. at 3–5.

[55] R. at 205–06.

[56] R. at 237 (testimony by Molero that Appellant did not return to work as directed on January 4, 2022); R. at 253 (testimony by Appellant that she followed her doctor's instructions not to report to work until February 1, 2022, but acknowledging that her request for a leave of absence without pay for that time period was denied).

[57] *Cf. DeMarie v. Delaware Dep't of Transp.*, 2002 WL 1042088, at \*1–2 (Del. Super. May 24, 2002) (finding substantial evidence to support the Board's conclusion that just cause existed for an employee's termination where the employee missed a substantial amount of work, disagreed with his supervisor about his projected return to work date, and argued that "he was discriminated against on the basis of non-merit factors when he was terminated rather than laid off or given extended leave").

or that the penalty, termination of employment, was inappropriate under the circumstances, and therefore the Court considers those issues waived on appeal.

## CONCLUSION

While there are other issues of disputed fact in the proceedings below, the Court declines to delve deeper into the merits absent more specific argument in Moore's briefing. For the foregoing reasons, the decision of the Merit Employee Relations Board is **AFFIRMED.**

**IT IS SO ORDERED.**

Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress & U.S. Mail*
oc:   Prothonotary
cc:   Venus Moore, Pro Se – *Via U.S. Mail*
      Gabriela Kejner, Deputy Attorney General – *Via File & ServeXpress*
      Victoria R. Sweeney, Deputy Attorney General – *Via File & ServeXpress*