# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONALD FINNEY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N20A-08-001 JRJ |
| | ) | |
| DELAWARE DEPARTMENT OF | ) | |
| TRANSPORTATION, and MERIT | ) | |
| EMPLOYEE RELATIONS | ) | |
| BOARD, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

## MEMORANDUM OPINION

Submitted: December 3, 2020
Decided: February 1, 2021

*Upon Donald Finney's Appeal from Decision and Order of the Merit Employee Relations Board*: **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART**.

Anthony N. Delcollo, Esquire, Offit Kurman, P.A., 222 Delaware Avenue, Suite 1105, Wilmington, Delaware 19801, Attorney for Appellant.

Allison J. McCowan, Esquire, Department of Justice, 820 North French Street, 6th Floor, Wilmington, Delaware 19801, Attorney for Appellee Delaware Department of Transportation.

**Jurden, P.J.**

# I.   INTRODUCTION

Appellee Delaware Department of Transportation ("DelDOT") decided not to award a job promotion to Appellant Donald Finney. Finney believed that this decision was the product of discrimination, so he filed a grievance asserting that DelDOT had discriminated against him on the basis of his race, his color, and his having filed a prior grievance against DelDOT. Finney took his grievance through the three-step grievance process and then appealed to the Merit Employee Relations Board ("MERB"). The MERB denied Finney's grievance on the merits.

Finney now appeals to this Court, arguing that the MERB made certain procedural errors *en route* to its decision. First, Finney argues that the MERB erred by denying his motion to amend his MERB appeal. Second, Finney argues that the MERB erred by preventing his counsel from eliciting witness testimony in two instances during the merits hearing. For the reasons explained below, the MERB's Decision and Order is **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART**.

## II.   BACKGROUND

### A.   Factual Background[1]

---

[1] Unless otherwise noted, the Court draws the facts in this section from the MERB's July 22, 2020 Decision and Order. Citations formatted as "Rec. at ___" refer to pages of the Record of the MERB Docket No. 19-11-741 (Sept. 15, 2020) (Trans. ID. 65998757).

On January 26, 2019, DelDOT posted a vacancy for an Engineer Program Manager II position.[2] Donald Finney and John Garcia were the two qualified candidates.[3] A hiring panel comprised of LaTonya Gilliam (the hiring manager), Brian Urbanek, and Alastair Probert then convened.[4] On March 11, 2019, the panel interviewed Finney and Garcia separately.[5] Candidates were permitted to bring supplemental documents to their interviews.[6] Finney brought his 2017 performance review.[7] That performance review was completed by Rich Fain, who had been Finney's immediate supervisor throughout 2017.[8] On the 2017 performance review, Fain rated Finney's overall performance as "Exceeds Expectations."[9] Garcia chose not to bring any documents to his interview.[10] At their respective interviews, the candidates were asked the same 18 questions, and the hiring panel took notes on the candidates' responses.[11]

After the interviews, the hiring panel was divided over whether Finney or Garcia was the better candidate.[12] Both Gillam and Urbanek favored Garcia, but

---

[2] Rec. at 2 (Trans. ID. 65998757).
[3] *Id.*
[4] *Id.*
[5] *See id.*
[6] *Id.*
[7] *Id.* at 2–3 (footnote omitted).
[8] *Id.* at 3.
[9] *Id.*; *see also id.* at 165–67.
[10] *Id.* at 3.
[11] *Id.* (footnote omitted).
[12] *Id.*

Probert could not choose between the candidates.[13] The hiring panel needed a unanimous decision to select a candidate.[14] So, attempting to achieve unanimity, the hiring panel had Gilliam inquire into Finney's more recent job performance.[15]

Before discussing Gilliam's inquiry, the Court will provide context by discussing the reference lists that the candidates submitted with their applications.[16] Finney provided the hiring panel with three references.[17] One of these references was Fain, who, as discussed above, was Finney's immediate supervisor throughout 2017 and gave Finney a favorable 2017 performance review.[18] Finney also listed Brian Schilling as a reference.[19] Schilling took over as Finney's immediate supervisor after Fain left DelDOT at the end of 2017.[20] Finney had competed with Schilling for this position, but DelDOT selected Schilling instead.[21] Finney grieved DelDOT's decision, but the MERB ultimately dismissed his appeal in late 2018.[22]

---

[13] *Id.* In Finney's view, Probert favored Finney and was not torn between the two candidates—contrary to the MERB's finding. Opening Brief of Appellant Donald Finney ("Opening Brief"), at 1 (Trans. ID. 66061521). The MERB's finding on this point is supported by substantial evidence. For example, Gilliam testified on cross-examination that Probert felt that the MERB "needed to look more into [Finney's] Performance Evaluation because he exceeds expectations." *Id.* at 313. The MERB could construe this testimony as indicating Probert's desire to conduct further investigations before making a decision.

[14] *Id.* at 3.

[15] *Id.*

[16] *See id.* (footnote omitted).

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.* (citing *Finney v. DelDOT*, MERB Docket No. 18-08-696 (Nov. 2, 2018)).

When Schilling completed Finney's 2018 performance review, he rated Finney's overall performance as "Meets Expectations."[23] Given this history, Finney listed Schilling as a reference only because he had to; candidates were required to list their immediate supervisors as references.[24]

Like Finney, Garcia submitted three references.[25] One of those references was Schilling, who was Garcia's immediate supervisor as well as Finney's.[26] The other relevant reference whom Garcia listed was Kevin Canning.[27] At the time Schilling was promoted over Finney, Canning was the hiring manager; for that reason, Canning was the primary target of Finney's prior grievance.[28]

Significantly, Gilliam contacted only Schilling and Canning when she conducted her inquiry into Finney's more recent job performance.[29] In each conversation, Gilliam merely asked Schilling and Canning a number of questions from the Department of Human Resources Employment Reference Check Questionnaire.[30] Although Gilliam's purpose was to find out about Finney, Gilliam decided to ask about Garcia as well because he had listed both Schilling and Canning

---

[23] *Id.* at 168–70.
[24] *Id.* at 3.
[25] *Id.* at 4.
[26] *Id.* at 325.
[27] *Id.* at 4.
[28] *Id.* at 361.
[29] *Id.* at 4.
[30] *Id.* (footnote omitted).

5

as references.[31]  In response to Gilliam's questions, Schilling and Canning each gave Garcia a higher rating than Finney.[32]  Gilliam presented those ratings to the hiring panel, and the hiring panel unanimously chose Garcia over Finney for the Engineer Program Manager II position.[33]

### B.    Procedural History

Finney filed a grievance contesting DelDOT's decision not to promote him.[34] The grievance charged DelDOT with having violated Merit Rules 18.5 and 2.1.[35] Finney alleged that DelDOT had violated two of Merit Rule 18.5's subparagraphs by "discriminating against him because of his race, color[,] and in retaliation for having filed a previous grievance over a promotion; and by grossly abusing its discretion in requesting references from Canning, who was not on Finney's reference list, but not contacting Fain, who was on Finney's list."[36]  Finney alleged that

---

[31] *Id.* (footnote omitted).
[32] *Id.*
[33] *Id.*
[34] *Id.* at 110.
[35] *Id.* at 4–5.  Merit Rule 18.5 provides:
> Grievances about promotions are permitted only where it is asserted that (1) the person who has been promoted does not meet the job requirements; (2) there has been a violation of Merit Rule 2.1 or any of the procedural requirements in the Merit Rules; or (3) there has been a gross abuse of discretion in the promotion.

Merit Rule 2.1 provides:
> Discrimination in any human resource action covered by these rules or Merit system law because of race, color, national origin, sex, religion, age, disability, sexual orientation, gender identity, genetic information or other non-merit factors is prohibited.

[36] Rec. at 5 (Trans. ID. 65998757).

6

DelDOT violated Merit Rule 2.1 by discriminating against him on the basis of his race and color and by retaliating against him for having filed a prior grievance.[37]

Finney advanced his grievance through the three-step process.[38] Step three of that process was a hearing with the Secretary of the Department of Human Resources (the "Step III hearing"), which Finney attended on August 1, 2019.[39] On November 1, 2019, Finney received an unfavorable post-hearing decision, so, on November 20, 2019, he appealed to the MERB.[40] The MERB scheduled a merits hearing for March 5, 2020.[41]

On February 6, 2020, however, Finney moved to amend his MERB appeal, seeking to add claims that DelDOT violated additional Merit Rules.[42] Finney sought to add a claim that DelDOT violated Merit Rule 7.1 because of a procedurally flawed reference check; DelDOT skipped over Fain and instead consulted Canning, who "was clearly biased against and/or had a clear basis to be biased against" Finney.[43] Finney also sought to add a claim that DelDOT violated Merit Rule 18.1 because, under the circumstances, its decision to consult Canning instead of Fain "amount[ed] to retaliation for [Finney's] decision to avail himself of his merit rights to contest the

---

[37] *See id.* at 5–6.
[38] *Id.* at 110; *see also* Merit Rules 18.6–18.8 (setting out the three-step grievance procedure).
[39] Rec. at 112 (Trans. ID. 65998757).
[40] *See id.* at 110; *see also* Merit Rule 18.9 (allowing a grievant to appeal to the MERB).
[41] Rec. at 110 (Trans. ID. 65998757).
[42] *Id.* at 16–19.
[43] *Id.* at 16.

prior and current promotional denial."[44]  On March 5, 2020, the MERB held a hearing on Finney's motion to amend.[45]  On March 20, 2020, the MERB issued a post-hearing Decision and Order unanimously denying Finney's motion.[46]

In its decision, the MERB noted that it had applied Superior Court Civil Rule 15 in the past and assumed for the sake of argument that it could do so again.[47] Applying Rule 15, the MERB denied Finney's motion to amend because, in its view, Finney had delayed in filing the motion and provided no good cause for the delay.[48] Finney conceded that he had discovered the facts supporting his additional claims at the Step III hearing on August 1, 2019.[49]  Yet Finney chose not to include those claims in his November 20, 2019 MERB appeal.[50]  And he did not move to amend his MERB appeal until February 6, 2020.[51]  So even though the MERB found that Finney's desired amendment would hardly have prejudiced DelDOT, it still found that the equities weighed against Finney and, for that reason, denied his motion.[52] Finney challenges this decision in the instant appeal.[53]

---

[44] *Id.* at 18.
[45] *Id.* at 70–108.
[46] *Id.* at 109–13.
[47] *See id.* at 111–12.
[48] *Id.* at 112.
[49] *Id.*
[50] *Id.*
[51] *Id.*
[52] *Id.*
[53] Opening Brief, at 8–9 (Trans. ID. 66061521); Reply Brief of Appellant Donald Finney ("Reply Brief"), at 6–9 (Trans. ID. 66157060).

On July 2, 2020, the MERB held the merits hearing and, during that hearing, made two evidentiary rulings that Finney also challenges in the instant appeal.[54] The first is the MERB's decision to prevent Finney's counsel from questioning Canning about his involvement in Finney's prior grievance.[55] The second is the MERB's decision to prevent Finney's counsel from eliciting testimony from Finney that was intended to impeach Gilliam's testimony.[56] On July 22, 2020, the MERB issued its post-hearing Decision and Order unanimously denying Finney's grievance.[57] On August 21, 2020, Finney appealed to this Court.[58]

## III. STANDARD OF REVIEW

When the Court reviews an MERB decision, it may not weigh evidence, determine questions of credibility, or make its own factual findings.[59] Rather, the Court must merely determine whether the decision is supported by substantial

---

[54] Rec. at 273–428 (Trans. ID. 65998757); Opening Brief, at 5–6 (Trans. ID. 66061521); Reply Brief, at 1–6 (Trans. ID. 66157060).

[55] Reply Brief, at 1–4 (Trans. ID. 66157060); *see* Opening Brief, at 5–6 (Trans. ID. 66061521).

[56] Opening Brief, at 5–6 (Trans. ID. 66061521); Reply Brief, at 4–6 (Trans. ID. 66157060).

[57] Rec. at 1–9 (Trans. ID. 65998757).

[58] Notice of Appeal (Trans. ID 65868649). On October 28, 2020, Finney filed his Opening Brief. Opening Brief (Trans. ID. 66061521). On November 17, 2020, DelDOT filed its Answering Brief. Answering Brief of Appellee Delaware Department of Transportation ("Answering Brief") (Trans. ID. 66120015). Finally, on December 3, 2020, Finney filed his Reply Brief. Reply Brief (Trans. ID. 66157060).

[59] *Dep't of Transp. v. Pearson*, 2020 WL 2520632, at *3 (Del. Super. Ct. May 15, 2020) (citing *Ward v. Dep't of Elections*, 2009 WL 2244413, at *1 (Del. 2009)).

evidence and free of legal error.[60]  The Court reviews questions of law *de novo*.[61]

Absent an error of law, the Court reviews for abuse of discretion.[62]

In addition, the Court recognizes that "[a]ll evidentiary rulings are within the sound discretion of the administrative tribunal and will not be reversed absent a clear abuse of discretion."[63]  An abuse of discretion occurs when a decision "exceeds the bounds of reason given the circumstances" or the "rules of law or practice have been ignored so as to produce injustice."[64]  If the Court finds that an evidentiary ruling amounts to a clear abuse of discretion, then the Court must "determine whether the mistake constituted significant prejudice so as to have denied the appellant a fair hearing."[65]

## IV.   DISCUSSION

---

[60] *Id.* (citations omitted) (citing *Avallone v. Dep't of Health & Soc. Servs.*, 14 A.3d 566, 570 (Del. 2011)).

[61] *Id.* (citing *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *3 (Del. Super. Ct. June 18, 2008)).

[62] *Brown v. Parker's Express, Inc.*, 2016 WL 6156183, at *1 (Del. Oct. 21, 2016) (citing *Potter v. State*, 2013 WL 6035723 (Del. Nov. 13, 2013)).

[63] *Baynard v. Kent County Motors, Inc.*, 1988 WL 101220, at *2 (Del. Sept. 7, 1988); *cf. Harper v. State*, 970 A.2d 199, 201 (Del. 2009) (quoting *Kiser v. State*, 769 A.2d 736, 739 (Del. 2001)) ("Because we are reviewing an evidentiary ruling for abuse of discretion, Harper must establish a 'clear abuse of discretion' to be entitled to a reversal.").

[64] *Johnson v. First State Staffing Sols.*, 2020 WL 591776, at *3 (quoting *Peregoy v. Del. Hospice*, 2011 WL 3812246, at *1 (Del. Super. Ct. Aug. 12, 2011)).

[65] *Warren v. Amstead Indus.*, 2020 WL 4582504, at *3 (Del. Super. Ct. Aug. 10, 2020) (citing *Strauss v. Biggs*, 525 A.2d 992, 997 (Del. 1987)); *see also Hellstern v. Culinary Servs. Grp.*, 2019 WL 460309, at *10 (Del. Super. Ct. Jan. 31, 2019) (quoting *Harper v. State*, 970 A.2d 199, 201 (Del. 2009)) ("If the Court determines that the Board abused its discretion, then the Court must determine 'whether the error rises to the level of significant prejudice which would act to deny the [appellant] a fair trial.'").

10

**A.    The MERB Committed Legal Error by Denying Finney's Motion to Amend His MERB Appeal**

To begin, the Court notes that it need only determine whether the MERB committed legal error in denying Finney's motion to amend his MERB appeal. The parties argue about whether Finney was prejudiced by the MERB's decision, but that issue is irrelevant to the applicable legal standard: Superior Court Civil Rule 15.[66]

Turning to the parties' arguments, Finney argues that the MERB should have granted his motion pursuant to Superior Court Civil Rule 15.[67] It should have done so, Finney contends, because the record shows that the proposed amendment— adding violations of Merit Rules 7.1 and 18.1—would have caused little prejudice to DelDOT.[68] Finney also questions the MERB's conclusion that he unduly delayed, asserting that the MERB did not establish a deadline by which he had to file his motion.[69] In response, DelDOT argues that the MERB found that Finney's amendment *would* prejudice DelDOT.[70] DelDOT also argues that the MERB properly balanced that prejudice against Finney's delay in filing the motion.[71]

---

[66] Finney argues that the MERB's denial of his motion prejudiced him because it prevented him from presenting his complete case. Opening Brief, at 8–9 (Trans. ID. 66061521). In response, DelDOT contends that Finney was not prejudiced by the MERB's decision to deny his motion. Answering Brief, at 12 (citations omitted) (Trans. ID. 66120015). This is because, in DelDOT's view, Finney had an opportunity to present his complete case—including the two Merit Rule violations that he wished to add—at the merits hearing. *Id.*

[67] Reply Brief, at 6–9 (Trans. ID. 66157060).

[68] *Id.* at 8.

[69] *Id.* at 8–9.

[70] Answering Brief, at 11–12 (Trans. ID. 66120015).

[71] *Id.* at 12.

11

The Court finds that the MERB should have granted Finney's motion to amend pursuant to Superior Court Civil Rule 15.[72]  Rule 15(a) provides, in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.[73]

Analogizing to Finney's case, Finney was not entitled to amend his MERB appeal as a matter of course because DelDOT had submitted "a responsive pleading" in the form of pre-hearing briefing.[74]  So Finney could have amended his appeal only if the MERB granted him leave, which the MERB had to do if "justice so require[d]."[75]

A trial court—and, here, the MERB—has discretion to determine whether justice so requires.[76]  But "in the absence of prejudice to another party, the [MERB] is required to exercise its discretion *in favor of granting leave* to amend."[77]  Further, a party's "delay alone is not a sufficient basis to deny amendment of the pleadings,

---

[72] Del. Super. Ct. Civ. R. 15.

[73] Del. Super. Ct. Civ. R. 15(a).

[74] *Id.*; Rec. at 110 (Trans. ID. 65998757).

[75] Del. Super. Ct. Civ. R. 15(a).

[76] *See Abdi v. NVR, Inc.*, 2008 WL 787564, at *1 (Del. Mar. 25, 2008) (brackets and internal quotation marks omitted) (quoting *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993)).

[77] *Id.*

. . . although inexcusable delay and repeated attempts at amendment may justify denial."[78]

Here, the MERB denied Finney's motion to amend based on delay alone.[79] But the moving party's delay, without more, does not justify denying the motion; there must also be prejudice to the non-moving party.[80] Because the MERB conceded that "any prejudice to [DelDOT] may be minimal," it committed reversible legal error by failing to grant Finney leave to amend his MERB appeal pursuant to Superior Court Civil Rule 15(a).[81] And because it denied Finney's motion, the MERB did not conduct a Rule 15(c) analysis to determine whether Finney's amendment should relate back to the date on which Finney filed his original MERB appeal. Accordingly, the MERB should conduct that analysis in the first instance on remand.

### B.    The MERB's Exclusion of Testimony

---

[78] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993) (brackets and citations omitted).

[79] Rec. at 112 (Trans. ID. 65998757).

[80] *See, e.g.*, *First State Orthopaedics, P.A. v. Liberty Mut. Ins. Co.*, 2020 WL 6875219, at *6 (Del. Super. Ct. Nov. 20, 2020) (citation omitted) ("Defendants have not shown how this four[-]month delay has prejudiced the Insurers such that the Court must deem Plaintiff's amendment untimely."); *Martínez v. E.I. Dupont De Nemours & Co.*, 2012 WL 4479164, at *2 (Del. Super. Ct. Sept. 21, 2012) ("Delay alone does not end this inquiry. The Court must also consider whether the delay would cause undue prejudice."). Delay plus an improper motive may also justify denial of a motion to amend, but no improper motive has been alleged here. *MRPC Christiana LLC v. Crown Bank*, 2016 WL 4059194, at *1 (Del. Super. Ct. July 19, 2016) (quoting *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993)) ("While a party's delay in moving to amend a pleading is not alone justification to deny a motion to amend, it is proper to deny relief where delay is 'coupled with either improper motive or undue prejudice.'").

[81] Rec. at 112 (footnote omitted) (Trans. ID. 65998757).

13

1.	The MERB's Exclusion of Canning's Substantive Testimony
Neither Significantly Prejudiced Finney Nor Violated His
Procedural Due Process Rights

During the merits hearing, Finney's counsel questioned Canning on direct examination.[82]  Immediately before the exchange at issue, Canning testified that he recalled having served as a witness in connection with Finney's prior grievance—the grievance that Finney filed after losing a promotion to Schilling.[83]  After Finney's counsel laid that foundation, the following exchange took place:

| | |
|---|---|
| Finney's Counsel : | Do you [Canning] remember at all whether there were allegations in that grievance that there was an abuse of discretion? |
| MERB Chairman: | Wait. No. No. No. No. You're not going down this path. |
| Finney's Counsel: | I just wanted to establish that he remembered what it was. |
| MERB Chairman: | He testified as a witness in a previous failure to promote grievance that your client brought.  End of story.[84] |

Later, DelDOT's counsel questioned Canning on cross-examination.[85]  They had the following exchange:

| | |
|---|---|
| DelDOT's Counsel: | And did you consider the fact that Mr. Finney had filed a prior grievance that you were |

---

[82] *Id.* at 360–68.
[83] *Id.* at 362–63.
[84] *Id.* at 363–64.
[85] *Id.* at 368–70.

14

|                      |                                 |
|----------------------|---------------------------------|
| involved in, in providing a response to Ms. Gilliam? | |

Canning:                               No.[86]

Finney argues that the MERB committed legal error, abused its discretion, and violated his procedural due process rights in preventing his counsel from questioning Canning about the prior grievance.[87] Because that grievance targeted Canning, Finney suspects that Canning developed a bias against him.[88] According to Finney, Canning was destined to give Garcia a higher rating than Finney when he answered Gilliam's questions.[89]

DelDOT responds that Finney's counsel was trying to establish facts that had already been established, so the MERB properly cut off his questioning.[90] DelDOT further asserts that on cross-examination, Canning expressly denied that he took Finney's prior grievance into account in answering Gilliam's questions.[91] Relatedly, DelDOT contends that because Canning denied his having a bias on cross-examination, Finney's counsel could have explored his theory on redirect examination but chose not to do so.[92] Next, DelDOT argues that Finney's counsel failed to question Schilling about what effect, if any, Finney's prior grievance had

---

[86] *Id.* at 369.
[87] Opening Brief, at 7–8 (Trans. ID. 66061521); Reply Brief, at 1 (Trans. ID. 66157060).
[88] *See* Opening Brief, at 2 (citation omitted) (Trans. ID. 66061521).
[89] *See id.*
[90] Answering Brief, at 7 (citation omitted) (Trans. ID. 66120015).
[91] *Id.* at 8 (citations omitted).
[92] *Id.* (citation omitted).

on him.[93]  Lastly, DelDOT argues that there was evidence that bias did not play a role in the hiring panel's decision, pointing to Gilliam's testimony that the hiring panel did not consider the prior grievance.[94]

The Court finds that the MERB committed a clear abuse of discretion in excluding Canning's testimony.  Finney's counsel began the exchange by citing the abuse of discretion that Finney alleged in his prior grievance.  Finney aimed his prior grievance at Canning.  In the present grievance, Finney asserted violations of Merit Rules 18.5 and 2.1, claiming, among other things, that bias and retaliation polluted the promotion process.  Given these claims, the history between Finney and Canning, and the invocation of Finney's prior abuse of discretion allegation, the MERB should have known that Finney's counsel was attempting to explore Canning's alleged bias.  Of course, if the MERB *did* know of this purpose but excluded Canning's testimony anyway, then the MERB should not have allowed DelDOT's counsel to question Canning about that same subject.  Either way, the Court finds that the MERB's exclusion of Canning's testimony constitutes a clear abuse of discretion.

Nonetheless, this clear abuse of discretion did not significantly prejudice Finney.  Although the MERB stopped Finney's counsel from questioning Canning

---

[93] *Id.* (citation omitted).
[94] *Id.* (citation omitted).

on direct examination, nothing prevented Finney's counsel from trying again on redirect examination. DelDOT's counsel asked Canning a pointed question about his alleged bias on cross-examination, "teeing up" the issue for Finney's counsel to address on redirect examination. Although Finney's counsel might have been discouraged by his earlier exchange with the MERB, that alone does not rise to the level of significant prejudice, which is what must be shown for the Court to reverse an evidentiary ruling.

For a similar reason, Finney's procedural due process claim must fail as well. Finney quotes the Court's decision in *Ridings v. Unemployment Insurance Appeal Board* for the proposition that "[d]enial of procedural due process occurs where the exercise of power by an administrative officer or body is arbitrary or capricious."[95] But in that case, the Court found that the Board's action had deprived the claimant of "a full opportunity to testify before the Board."[96] In other words, the Board's action prevented the claimant from presenting his complete case. Here, though, Finney's counsel had an opportunity to explore Canning's alleged bias on redirect examination, so the MERB did not prevent Finney from presenting that aspect of his case. Accordingly, the Court affirms the MERB's evidentiary ruling excluding Canning's testimony.

---

[95] Opening Brief, at 7 (quoting *Ridings v. Unemployment Ins. Appeal Board*, 407 A.2d 238, 240 (Del. Super. Ct. 1979)) (Trans. ID. 66061521).
[96] *Ridings v. Unemployment Ins. Appeal Board*, 407 A.2d 238, 240 (Del. Super. Ct. 1979).

2.     The MERB's Exclusion of Finney's Impeachment Testimony Constituted a Clear Abuse of Discretion That Significantly Prejudiced Finney

At the MERB merits hearing, Finney's counsel asked Gilliam on direct examination whether she checked both candidates' references to resolve the split hiring panel.[97] Gilliam testified that she "check[ed] with the supervisor and the supervisor's supervisor"—that is, Schilling and Canning.[98] Finney's counsel then asked Gilliam whether she recalled her testimony at the Step III hearing about this very subject.[99] Gilliam said that she could not recall.[100] Finney's counsel responded, "You don't recall testifying that you pulled references for both Mr. Finney and Mr. Garcia as part of the process to determine how to resolve the split panel?"[101] Gilliam replied, "I don't remember saying it that way, no."[102]

Later in the merits hearing, Finney's counsel called Finney as a witness.[103] On direct examination, Finney's counsel asked Finney whether he recalled Gilliam's testimony both from earlier that day and from the Step III hearing.[104] Finney

---

[97] Rec. at 294 (Trans. ID. 65998757).
[98] Id.
[99] Id. at 294–95.
[100] Id. at 295.
[101] Id.
[102] Id.
[103] Id. at 374–90.
[104] Id. at 375.

18

confirmed that he did.[105]   But before Finney's counsel could begin to explore

Finney's recollection, the MERB interjected:

| | |
|---|---|
| MERB Chairman: | No.  The Board does not allow people who testify from memory about what may or may not have been said at the Step III Hearing.  It is not transcribed.  We do not have a verbatim testimony.  And we will not accept it as prior inconsistent statements. |
| Finney's Counsel: | Even for impeachment? |
| MERB Chairman: | Who[m] are you impeaching? |
| Finney's Counsel: | Ms. Gilliam. |
| MERB Chairman: | No.[106] |

Finney's argument is that Gilliam changed her story sometime between the

Step III hearing and the merits hearing.[107]  According to Finney, Gilliam testified at

the Step III hearing that she was deliberately "pulling references" from the

candidates.[108]  By contrast, Finney asserts, Gilliam testified at the merits hearing

"that she was simply reaching out to individuals with knowledge of the candidates

without regard to who[m] they listed as references."[109]  Finney wanted to testify

---

[105] *Id.*
[106] *Id.* at 375–76.
[107] Reply Brief, at 4 (Trans. ID. 66157060).
[108] *Id.*
[109] *Id.*

19

about Gilliam's Step III hearing testimony to impeach Gilliam's merits hearing testimony.[110]

DelDOT argues that Gilliam testified at the merits hearing that she *could not recall* her Step III hearing testimony, so her testimony was not inconsistent with her prior testimony.[111] For that reason, DelDOT believes that Finney's counsel was trying to offer Finney's testimony to prove the truth of Gilliam's Step III hearing testimony.[112] DelDOT therefore concludes that the MERB correctly excluded Finney's testimony, which was "unreliable, self-interested, hearsay evidence."[113]

The Court finds that the MERB's exclusion of Finney's impeachment testimony constituted a clear abuse of discretion that significantly prejudiced Finney. The MERB's concern about "allow[ing] people who testify from memory about what may or may not have been said" would make sense if Finney's counsel were attempting to introduce Gilliam's prior testimony for the truth of the matter asserted.[114] But that is not what Finney was attempting to do. Finney's counsel sought to offer Finney's testimony for the limited and specific purpose of

---

[110] *Id.*

[111] Answering Brief, at 8–9 (Trans. ID. 66120015). The Court will take this opportunity to note that, under the Delaware Rules of Evidence, "[e]xtrinsic evidence of a witness's inconsistent statement is admissible [even] if the witness does not clearly admit or deny the prior inconsistent statement." *Adams v. Aidoo*, 2012 WL 1408878, at *17 (Del. Super. Ct. March 29, 2012) (citing Del. R. Evid. 613(c)).

[112] Answering Brief, at 9 (Trans. ID. 66120015).

[113] *Id.*

[114] Rec. at 375–76 (Trans. ID. 65998757).

impeachment. Yet the MERB held firm, still demanding that Gilliam's prior testimony be proved by verbatim transcript. As Finney argues, "[w]ith that as a standard, the MERB would in actuality need to exclude the majority of what is proffered to it as testimony in every single hearing, because much of it is not supported by a verbatim record."[115] Indeed, the MERB regularly hears witness testimony and assesses its credibility. It could have done the same here: allow Finney to testify about what Gilliam might (or might not) have said at the Step III hearing and then determine how much weight to assign to that testimony.

The Court therefore finds that the MERB committed a clear abuse of discretion. It drew an arbitrary line between acceptable and unacceptable extrinsic evidence of a witness's prior statement for the purpose of impeachment. In doing so, the MERB caused Finney significant prejudice, preventing him from trying to refute Gilliam's testimony that the reference check was evenhanded. Whether the reference check was, in fact, evenhanded is a question at the heart of the Merit Rule violations that Finney alleges. Accordingly, the Court must reverse the MERB's evidentiary ruling in this instance.[116]

## V. CONCLUSION

---

[115] Reply Brief, at 5 (Trans. ID. 66157060).
[116] Because the Court has found that this evidentiary ruling constitutes a clear abuse of discretion, the Court need not decide whether the ruling also violated Finney's procedural due process rights.

To summarize, the Court finds that the MERB committed reversible legal error by denying Finney's motion to amend his MERB appeal based on a misapplication of Superior Court Civil Rule 15. The Court affirms the MERB's evidentiary ruling excluding Canning's substantive testimony; specifically, the Court finds that the MERB committed a clear abuse of discretion in excluding the testimony but that this decision neither significantly prejudiced Finney nor violated his procedural due process rights. Lastly, the Court finds that the MERB committed a clear abuse of discretion by excluding Finney's impeachment testimony and that this evidentiary ruling significantly prejudiced Finney.

The Decision and Order of the MERB is therefore **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART** for further proceedings consistent with this decision.

 **IT IS SO ORDERED.**

*Jan R. Jurden*

            ————————————————
            Jan R. Jurden, President Judge

cc: Prothonotary